# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TERRY M. DUDLEY, )
 )
          **Plaintiff,** )
 )
v. )
 ) Case No. 19-2529-CM-JPO
NORTH KANSAS CITY HOSPITAL, et al., )
 )
          **Defendants.** )
 )

## MEMORANDUM & ORDER

Pro se plaintiff Terry M. Dudley brings this employment-discrimination action against her employer and various of its employees. She moved to proceed with this action in forma pauperis. (Doc. 3.) On September 3, 2019, Magistrate Judge James P. O'Hara recommended that plaintiff's motion be denied, as plaintiff's monthly income exceeds her monthly expenses. (Doc. 4.) Plaintiff timely objected to the Report and Recommendation. Plaintiff urges the court to consider that a "period of unemployment March 1, 2019" caused her temporary financial hardship, leading her to lose her prior housing and incur unspecified relocation costs and storage unit expenses "within the last three months." (Doc. 6, at 2.)

After reviewing the Report and Recommendation, plaintiff's objections, and plaintiff's financial affidavit, the court agrees with Judge O'Hara that plaintiff's request should be denied. Title 28 U.S.C. § 1915(a) authorizes a court to permit the commencement of an action without prepayment of fees by a person submitting a supporting affidavit demonstrating that the person is otherwise unable to pay the required fees. The court has wide discretion to grant or deny permission for a movant seeking to proceed in forma pauperis; however, the court cannot act arbitrarily or deny an application on erroneous grounds. *United States v. Garcia*, 164 F. App'x, 785, 786 n.1 (10th Cir. 2006). "[T]he movant must show a financial inability to pay the required filing fees." *Id.* (quotation marks omitted) (quoting *Lister v. Dep't*

*of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).  While plaintiff's objection shows that she suffered a temporary loss of income and incurred certain expenses, plaintiff's affidavit of financial status nonetheless shows that her current monthly income exceeds current expenses, including housing. (*See* Doc. 3-1, at 4–6.)  Plaintiff listed no relocation or storage expenses in her affidavit's "[o]ther monthly debts and miscellaneous expenses" section.  And even accepting the financial hardship outlined in plaintiff's objection, plaintiff assigns no specific figures to her "financial hardship," "relocation expenses and storage expenses" that would enable the court to determine that she is presently unable to pay the required filing fees.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of Judge O'Hara (Doc. 4) is adopted in full.  Plaintiff's motion to proceed in forma pauperis (Doc. 3) is denied.  Plaintiff is directed to make her first monthly installment of $133.34 on the filing fee on or before November 1, 2019.  She then must make the two remaining payments of $133.33 each on or before December 1, 2019 and January 1, 2019.  If plaintiff misses the first payment or any subsequent payments, her complaint will be subject to dismissal without prejudice.

Dated this 30th day of September, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**